John F. Olsen (CABN: 157465)
jolsen@jfolsenlaw.com
FERDINAND IP, LLP
2500 Broadway, Building F, Suite F-125
Santa Monica, CA 90404
Phone: (858) 412-4515

Edmund J. Ferdinand, III Esq. (*pro hac vice* to be filed)
jferdinand@24iplg.com
Jessica S. Rutherford, Esq. (*pro hac vice*)
jrutherford@24iplg.com
FERDINAND IP, LLC
125 Park Avenue, Suite 2508
New York, NY 10017
Phone:  (212) 220-0523

*Counsel for Defendants, Camuto Consulting, Inc., Vincent Camuto, LLC, and Camuto Group, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TIERNEY, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>CAMUTO CONSULTING, INC., *et al.*<br><br>Defendants. | Case No. 2:17-CV-04936-ODW-AGR<br>*Hon. Otis D. Wright, II Presiding*<br><br>**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE TO TRANSFER VENUE TO THE EASTERN DISTRICT OF NEW YORK**<br><br>Date: February 5, 2018<br>Time: 1:30 p.m.<br>Courtroom: 5D - First Street |

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 5, 2018 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 5D of the courthouse located at 350 W. First Street, Los Angeles, CA 90012, Defendants Camuto Consulting, Inc. d/b/a Camuto Group ("Camuto Consulting"), Vincent Camuto, LLC ("Vincent Camuto") and Camuto Group, LLC ("Camuto Group") (collectively, "Camuto Entities") will move this Court to dismiss this action for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), and for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3).[1]  In the alternative, the Camuto Entities move for the transfer of this action to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a).  This motion is made on the following grounds:

The Court lacks personal jurisdiction as to each of the Camuto Entities. Camuto Consulting is a Connecticut corporation with its principal place of business in Connecticut; Vincent Camuto is a Connecticut limited liability company with its principal place of business in Connecticut; Camuto Group is a Delaware limited liability company with its principal place of business in Connecticut; no member of Vincent Camuto or Camuto Group is a California resident.  The Camuto Entities lack sufficient contact with California for this Court to constitutionally exercise general or specific jurisdiction over them, and alternatively, the Eastern District of New York is a more appropriate venue for the efficient resolution of this matter.

---

[1] Pursuant to F.R.C.P. 4(m), and in accordance with Judge Wright's Individual Procedures, all unnamed Doe defendants should also be dismissed, as none has been served within 120 days after the case was filed.

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

This motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Reyoung Kim dated November 6, 2017 (Doc. 15-1), the Declaration of Reyoung Kim dated December 18, 2017 filed concurrently herewith, the Court's file, and upon such further evidence and arguments as may be presented prior to or at the time of the hearing on this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 1, 2017 between Defendants' counsel, Jessica S. Rutherford, and Plaintiffs' counsel, David Erikson, and subsequent communications between counsel.

DATED: December 18, 2017

Respectfully submitted,

**FERDINAND IP, LLC**

By:     _/s/ Jessica S. Rutherford_
Jessica S. Rutherford
Edmund J. Ferdinand, III

and

John F. Olsen
FERDINAND IP, LLP

*Attorneys for Camuto Consulting, Inc., Vincent Camuto, LLC, and Camuto Group, LLC*

# **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................. 1

II. STATEMENT OF FACTS ................................................. 2

III. ARGUMENT .................................................................. 7

    A.    THIS COURT LACKS PERSONAL JURISDICTION OVER THE CAMUTO ENTITIES………………………………………………..7

        1.    There Is no General Jurisdiction Over The Camuto Entities………………………………………...………………8

        2.    There Is No Specific Jurisdiction Over The Camuto Entities………………………………………...………..10

            a.  Plaintiffs Cannot Establish Purposeful Direction…………..11

            b.  Plaintiffs Cannot Establish Causation……………………15

            c.  The Exercise of Specific Jurisdiction Would Be Unreasonable…………………………………………...17

    B.    THIS DISTRICT COURT IS AN IMPROPER VENUE…………...20

    C.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS CASE TO THE EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 USC § 1404(a) ………………………………..21

IV. CONCLUSION ............................................................. 24

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

*Cases:*

*Adobe Systems Inc. v. Trinity Software Distribution, Inc.,*
    2012 U.S. Dist. WL 3763643 (N.D. Cal. Aug. 29. 2012) ..... 10, 21, 22, 23

*Allstar Mktg. Group, LLC v. Your Store Online LLC,*
    666 F.Supp.2d 1109 (C.D. Cal. 2009) ...................................................... 22

*Amini Innovation Corp., v. JS Imports, Inc.,*
    497 F.Supp.2d 1093 (C.D. Cal. 2007) .................................... 8, 9, 21, 23

*Amoco Egypt Oil Co. v. Leonis Navigation Co.,*
    1 F.3d 848 (9th Cir. 1993) ............................................................ 8, 19, 20

*Axion Foods, Inc. v. Acerchem International, Inc.,*
    2017 WL 4929835 (9th Cir. November 1, 2017) .................................. 15

*Bancroft & Masters, Inc. v. Augusta National Inc.,*
    223 F.3d 1082 (9th Cir. 2000) ........................................ 8, 9, 13, 15, 17, 18

*Bohara v. Backus Hosp. Med. Benefit Plan,*
    390 F. Supp.2d 957 (C.D. Cal. 2005) ...................................................... 21

*Boschetto v. Hansing,*
    539 F.3d 1011 (9th Cir. 2008) .................................................................. 16

*Brackett v. Hilton Hotels Corp.,*
    619 F. Supp.2d 810 (N.D. Cal. 2008) ...................................................... 20

*Brayton Purcell, LLP v. Recordon & Recordon,*
    606 F.3d 124 (9th Cir. 2010) ................................................ 12, 13, 14, 21

*Bristol-Myers Squibb Co. v. Superior Court of California,*
    137 S.Ct. 1773 (2017) ............................................................................ 15

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ........................................................................ 11, 17

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Calder v. Jones,*
    465 U.S. 783 (1984) ............................................................... 12, 15

*CollegeSource, Inc. v. Academy One, Inc.,*
    653 F.3d 1066 (9th Cir. 2011) ................................................. 13

*Core-Vent Corp. v. Nobel Industries AB,*
    11 F.3d 1482 (9th Cir. 1994) ................................................... 17

*Daimler AG v. Barbara Bauman,*
    134 S. Ct. 746 (2014) .................................................... 8, 9, 10

*Doe v. Am. Nat'l Red Cross,*
    112 F.3d 1048 (9th Cir. 1997) ................................................. 16

*Dole Foods, Inc. v. Watts,*
    303 F.3d 1104 (9th Cir. 2001) ............................................. 7, 12

*Fiore v. Walden,*
    657 F.3d 838 (9th Cir. 2001),
    *rev'd on other grounds,* 134 S.Ct. 1115 (2014) ....................... 16

*Hanson v. Denckla,*
    357 U.S. 235 (1958) ............................................................... 11

*Helicopteros Nacionales de Columbia v. Hall,*
    466 U.S. 408 (1984) .............................................................. 8, 9

*High Tech Pet Products, Inc. v. Shenzhen Jianfeng Elec. Pet Prod. Co.,*
    2014 U.S. Dist. WL 897002 (E.D. Cal. Mar. 6, 2014) ............ 14

*Imageline, Inc. v. Hendricks,*
    2009 U.S. Dist. WL 10286101 (C.D.Cal. Aug. 12, 2009) 10, 14, 17, 18, 19

*Int'l. Shoe Co. v. Washington,*
    326 U.S. 310 (1945) ............................................................ 8, 11

*Jones v GNC Franchising, Inc.,*
    211 F.3d 495 (9th Cir. 2000) ................................................... 22

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

*King v. Russell,*
    963 F.2d 1301 (9th Cir. 1992) ................................................................ 21

*Lang v. Morris,*
    823 F.Supp. 2d 966 (N.D. Cal. 2011).................................... 7, 12, 13

*Love v. Associated Newspapers, Ltd.,*
    611 F.3d 601 (9th Cir. 2010) .................................................... 13

*Mavrix Photo, Inc. v. Brand Technologies, Inc.,*
    647 F.3d 1218 (9th Cir. 2011) ................................................... 7

*Millenium Enterprises, Inc. v. Millenium Music, LP,*
    33 F.Supp.2d 907 (D. Or. 1999) ............................................... 14

*Momentum Textiles, LLC v. Paletteapp, Inc.,*
    2015 U.S. Dist. WL 12868141 (C.D. Cal. October 2, 2015) ................. 13

*Multimin USA, Inc. v. Walco Int'l, Inc.,*
    2006 U.S. Dist. WL 1046964 (E.D. Cal. April 22, 2006) ...................... 21

*Panavision, Int'l, L.O. v. Toeppen,*
    141 F.3d 1316 (9th Cir. 1998) ............................................. 7. 16

*Pebble Beach Co. v. Caddy,*
    453 F.3d 1151 (9th Cir. 2006) ............................................. 7, 13

*Piper Aircraft Co. v. Reyno,*
    454 U.S. 235 (1982) .......................................................... 22

*Salu, Inc. v. Original Skin Store,*
    2008 U.S. Dist. WL 3863434 (E.D. Cal. Aug. 13, 2008)...................... 10

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F.3d 797 (9th Cir. 2004) .................................. 8, 9, 11, 12, 13, 16, 18

*Sher v. Johnson,*
    911 F.2d 1357 (9th Cir. 1990) ............................................... 17

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Shute v. Carnival Cruise Lines*,
     897 F.2d 377 (9th Cir. 1990),
     *rev'd on other grounds*, 499 U.S. 585 (1991) ........................................ 16

*Sinatra v. Nat'l Enquirer, Inc.*,
     854 F.2d 1191 (9th Cir. 1988) .................................................... 19

*Sorensen v. Daimler Chrysler AG*,
     2003 U.S. Dist. WL 1888866 (N.D. Cal. April 11, 2003)................ 22, 23

*Walden v. Fiore*,
     134 S.Ct. 1115 (2014) ........................................................... 15

*WebZero, LLC v. ClicVU, Inc.*,
     2008 U.S. Dist. WL 1734702 (C.D. Cal. Apr. 4, 2008),
     *aff'd*, 392 F. App'x 863 (Fed. Cir. 2010) ................................... 14

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
     433 F.3d 1199 (9th Cir. 2006) .................................................. 12

*Ziegler v. Indian River County*,
     64 F.3d 470 (9th Cir. 1995) ................................................ 17-18

*Zumba Fitness, LLC v. Gail Brage*,
     2011 U.S. Dist. WL 4732812 (C.D. Cal. Oct. 6, 2011)... 17, 18, 20, 21, 22

## ***Statutes, Rules & Regulations***

28 U.S.C. § 1400............................................................... 1, 21

28 U.S.C. § 1404.......................................................... 2, 21, 22, 24

28 U.S.C. § 1406(a) ............................................................... 21

Fed. R. Civ. P. 12 ............................................................ 7, 21, 24

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

None of the parties to this action is a resident of California.  The only connection between this action and California is the location of Plaintiffs' lawyers. The convenience of Plaintiffs' lawyers is not a proper basis for asserting personal jurisdiction over the Camuto Entities or for setting venue in the Central District of California. Plaintiffs have not proffered any evidence in their First Amended Complaint that alters this conclusion.

California does not have personal jurisdiction over any of the Camuto Entities.  None of the Camuto Entities is at "home" in California.  None of them is organized or incorporated in California or has its principal place of business there. Neither Camuto Consulting nor Camuto Group has ever registered for business purposes with any California government agency or board.  Vincent Camuto registered to do business as a foreign entity in California in 2014, but the registration was forfeited.  None of the Camuto Entities has offices, phone numbers, employees, nor any physical presence in California whatsoever.  The Camuto Entities do not physically advertise in California.

This Court also lacks specific personal jurisdiction.  None of the Camuto Entities purposefully directs its activities to California, and Plaintiffs' claims do not arise out of any activities or transactions in California.  Any use by the Camuto Entities of the allegedly infringing images in California was completely *de minimis* and took place via the internet only.  Even if Plaintiffs could establish the requisite contacts, the exercise of jurisdiction would be exceedingly unreasonable.

Moreover, pursuant to 28 U.S.C. § 1400(a), this Court is an improper venue. Once a motion for improper venue is brought, the burden falls to the plaintiff to show that venue is correct.  In the instant action, Plaintiffs cannot carry that burden.  Accordingly, this action should be dismissed.

In the alternative, the Court should transfer the action to the Eastern District of New York "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). As shown below, the Eastern District of New York is by far the most convenient and efficient venue to resolve this controversy. All four of the Plaintiffs are residents of Brooklyn, New York; all four of the allegedly infringed wall murals are physically located in Brooklyn, New York; the allegedly infringing acts took place in Brooklyn, New York; many of the relevant witnesses will be found in New York; and a significant burden would arise if the Camuto Entities were required to litigate in California, where they do not conduct business.

As established below, the balance of the Section § 1404 factors similarly require transfer of this action to the Eastern District of New York. Thus, the Camuto Entities respectfully request that the Court dismiss this action for lack of personal jurisdiction and improper venue, or in the alternative the Camuto Entities respectfully request that the Court transfer the case to the Eastern District of New York.

## II. STATEMENT OF FACTS

Plaintiffs Joseph Tierney p/k/a "Rime," Cary Patraglia p/k/a "Host 18", Spencer Valdez p/k/a "Taboo", and Keith Rowland p/k/a "Reme"—all of whom are residents of Brooklyn, New York— filed the instant Complaint against the Camuto Entities and Does 1-10 in the Central District of California. Complaint, at ¶ 9-12. On November 6, 2017, the Camuto Entities filed a motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative to transfer venue to the Eastern District of New York.[2] In lieu of opposing the motion, Plaintiffs filed a First Amended Complaint on November 20, 2017 ("FAC").

---

[2] On November 17, 2017, the Camuto Entities filed an amended motion to dismiss to identify new local counsel and to seek dismissal of all unnamed Doe defendants.

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiffs added Macy's, Inc. and Does 11-20 as defendants.[3]

Plaintiffs allege that "Plaintiff Reme painted a mural on a wall on Morgan Avenue in Brooklyn, New York" and each of the other Plaintiffs "painted a group of outdoor murals, at 319 Boerum Street, in Brooklyn, New York." FAC, at ¶ 2, 3. Plaintiffs allege that "Plaintiffs are the sole owner of all rights, title and interest in and to the copyright in their respective graphic expressions." Id., at ¶ 36.

Plaintiffs further allege that Defendants infringed Plaintiffs' alleged copyright rights in murals physically located in Brooklyn, New York, by "copying and reproducing" unauthorized images and videos of the murals and "exhibiting such copied images as advertising materials." FAC, at ¶ 37. Specifically, Plaintiffs allege that the Camuto Entities featured "video and still imagery" of Plaintiffs' murals as the centerpiece of a marketing campaign for their Spring/Summer 2017 line[4] without Plaintiffs' knowledge or consent,"[5] and that the campaign "debuted on [the Camuto Entities'] social media accounts, including YouTube, Instagram, Twitter, and Facebook" and was featured on "various fashion websites," "[the Camuto Entities'] own website, and the websites of third party retailers, including Macy's," and "broadcast in taxi cabs throughout New York and displayed inside Camuto's retail stores, as well as emailed to Camuto's sizable

---

[3] Plaintiffs identify Does 11-15 as current or former "owners of Vince Camuto retail stores in California," FAC, ¶ 16, but do not identify Does 1-10 or Does 15-20.

[4] Plaintiffs do not identify any of the allegedly infringing images or video in the FAC. Upon information and belief, only a subset of the images in the Spring/Summer 2017 campaign are alleged to infringe on Plaintiffs' rights. However, for purposes of this motion, the Camuto Entities use the phrase "allegedly infringing images" to refer to all of the images in the campaign.

[5] In fact, Camuto Group had hired Red Hook Labs PBC ("Red Hook"), which upon information and belief is a Delaware public benefit corporation with its principal place of business in Brooklyn, New York, to produce the photo shoot for the Spring/Summer 2017 campaign, tasked and paid Red Hook to clear permission for the use of all artwork in the campaign, and was led to believe that Red Hook had done so. Declaration of Rey Kim dated November 6, 2017 ("Kim Decl."), ¶ 17. The Camuto Entities intend to bring a third-party complaint against Red Hook for indemnification, among other causes of action related to the campaign, if necessary.

mailing lists...” Id., at ¶ 4 (emphasis omitted).

In addition to repeating the same boilerplate allegations regarding personal jurisdiction as were contained in the initial Complaint, *see* Complaint ¶ 7 and FAC ¶ 7, Plaintiffs include a slew of additional allegations, none of which are true.[6]

As for venue, Plaintiffs merely repeat the same boilerplate allegation that "a substantial part of the events or omissions giving rise to the claims occurred in this District in that, *inter alia*, the infringing advertising was used here." FAC, at ¶ 8. This too is false.

The Camuto Entities are manufacturers of men's and women's fashion clothing, footwear and accessories based in Greenwich, Connecticut. Kim Decl., ¶ 3. The Camuto Entities market and sell their products—primarily to national retailers—under the "Vince Camuto" brand. Id*.*, ¶ 4. A subsidiary of Camuto Group also operates and sells products via "Vince Camuto"-branded retail stores, and Camuto Group operates and sells via an e-commerce website located at http://www.vincecamuto.com. Id. at ¶ 5.

Camuto Consulting is incorporated in Connecticut; Vincent Camuto is a Connecticut limited liability company; and Camuto Group is a Delaware limited liability company. Kim Decl., ¶¶ 6-8. No member of Vincent Camuto or Camuto Group is a California resident. Id. at ¶¶ 7-8. None of the Camuto Entities transacted business in California during the relevant period of October 2016 until May 2017. Id. at ¶ 9. Neither Camuto Consulting nor Camuto Group has ever registered to do business in California. Id. at ¶ 10. Vincent Camuto filed an application to register as a foreign limited liability company in California on June 2, 2014, but did not file the required Statement of Information within 90 days or at

---

[6] Notably, Plaintiffs chose to amend their complaint to add these allegations—mostly made "on information or belief"—rather than submit a sworn declaration in opposition to Defendants' motion to dismiss.

any time thereafter. Id. at ¶ 11. Accordingly, the registration has been administratively forfeited. Declaration of Reyoung Kim dated December 18, 2017 Supplemental Kim Decl."), at ¶ 3, Ex. A.[7] None of the Camuto Entities is registered for business purposes with any other California government agency or board. Kim Decl., at ¶ 12.

The Camuto Entities do not physically advertise in California or specifically target their marketing, advertising or sales within the borders of California; do not have sales agents or representatives in California; do not have an office, showroom or warehouse in California; do not have any employees in California; are not licensed or registered to conduct business in California; do not have any real or personal property in California; do not pay taxes in California; do not have a telephone listing in California. Kim Decl., at ¶ 13.[8]

Plaintiffs allege that, according to its website, Camuto Group has offices located in Los Angeles, Id. at ¶ 21, and "on information and belief…Camuto has offices located at 1073 Glendon Avenue, Los Angeles, 90024-2907." Id. at ¶ 22.[9] The information on Camuto Group's website is out of date. Camuto Group closed

---

[7] Contrary to Plaintiffs' allegations, FAC, at ¶ 23, Vincent Camuto is not currently registered to do business in California, nor does it have a "current agent for service of process" located at 1073 Glendon Avenue."

[8] Desperate to allege a connection between the Camuto Entities and the State of California, Plaintiffs allege that "Camuto recently purchased Sole Society, Group, Inc., an ecommerce retail business based in Culver City, California." FAC, at ¶ 25. This is not entirely accurate, and Plaintiffs' conclusory allegation that "Sole Society is an alter ego of the other Defendants," id. at ¶ 25, is entirely unsubstantiated and without evidentiary support. Camuto Group acquired a majority interest in Sole Society Group, Inc. ("Sole Society") in or about August 2016 and acquired the remaining interest in or about September 2017. Supplemental Kim Decl., at ¶ 4. Regardless, Sole Society is not a party to this action, and Plaintiffs do not allege that Sole Society committed any allegedly infringing acts or is liable to Plaintiffs in any way. All allegations related to Sole Society should be stricken as irrelevant.

[9] Plaintiffs also include allegations regarding the office address and now-forfeited registration to do business in California of "VCJC LLC," which Plaintiffs describe as a "Camuto entity," but which is not a party to this action. Id., at ¶ 23. Plaintiffs do not even allege that this entity committed any infringing acts or is liable to Plaintiffs in any way. These allegations should be stricken as irrelevant.

its Los Angeles office in or about March 2016. Supplemental Kim Decl., at ¶ 5. This is long before the allegedly infringing acts took place.

The Camuto Entities do not own or operate a store in California. Kim Decl., ¶ 14. During the relevant period, there were two Vince Camuto shoe stores in California, both of which were operated by a subsidiary of Camuto Group. The allegedly infringing images were not displayed in either store at any time. Supplemental Kim Decl., at ¶ 6.

The domain name www.vincecamuto.com is registered by Camuto Group, and the e-commerce website located there is hosted in Connecticut. Id. at ¶ 15. All of the Camuto Entities' social media accounts are operated from Connecticut. Id., at ¶ 16. The Camuto Entities do not request or collect residential addresses of customers who register to receive e-mail blasts or participate in loyalty programs via the e-commerce website, or of those customers who access the Camuto Entities' social media accounts. Supplemental Kim Decl., at ¶ 7.

The Camuto Entities: (a) posted the allegedly infringing images on a Connecticut-hosted e-commerce website; (b) posted the images on their social media accounts and corporate website which are operated from the Connecticut headquarters; (c) sent the images via e-mail blast to customers via the Connecticut-hosted e-commerce website; (d) sent the images via the internet to wholesale customers, none of which is a California resident; and (e) broadcast the allegedly infringing video via Taxi TV in New York City. Kim Decl., at ¶ 18.[10]

The Camuto Entities also: (a) placed signage containing the allegedly infringing images in their New York, Milan and China showrooms, at trade shows in Atlanta, Dallas and Las Vegas, and in Vince Camuto retail stores, none of which

---

[10] Contrary to Plaintiffs' allegations, FAC, at ¶¶ 4, 7, 27 and 28, the Camuto Entities do not "know" that any of the customers who were sent the allegedly infringing images or video are California residents. Supplemental Kim Decl., at ¶ 7. Because residential information was not collected, jurisdictional discovery on this issue would be futile.

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

are in California; and (b) placed ads containing the allegedly infringing images for publication in the *New York Post*, various fashion magazines and at Brunswick High School, a private school located in Greenwich, Connecticut. Kim Decl., at ¶ 18.

Any connections to the forum consist solely of the availability of the allegedly infringing images to California residents via the internet, which is insufficient to create a substantial connection with the forum to confer jurisdiction.

Therefore, the Camuto Entities are not properly subject to this Court's jurisdiction, and this action must be dismissed or, alternatively, transferred to a more appropriate venue where the action otherwise might have been brought pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(3).

## III. ARGUMENT

### A. This Court Lacks Personal Jurisdiction Over the Camuto Entities

On a motion to dismiss for lack of personal jurisdiction, the "[p]laintiffs bear the burden of demonstrating that jurisdiction is proper." *Lang v. Morris*, 823 F.Supp. 2d 966, 969 (N.D. Cal. 2011); *see also Dole Foods, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2001). In order to survive a motion to dismiss, the plaintiff must assert a *prima facie* case for personal jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). However, courts do not assume the truthfulness of allegations challenged and contradicted by a defendant's declaration. *Lang*, 823 F.Supp. at 969 (*citing Mavrix Photo, Inc. v. Brand Technologies, Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011)).

"Where, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of the state in which the Court sits." *Lang*, 823 F.Supp. at 970 (*citing Panavision, Int'l, L.O. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)).

California's long-arm statute's jurisdictional powers are limited to federal

due process requirements. Therefore, the Court's analysis is confined to federal due process standards. *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004). Thus, to establish jurisdiction, a defendant must have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

Jurisdiction may be conferred either as general or specific jurisdiction. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984). Plaintiffs cannot establish either general or specific jurisdiction.

### 1. There Is no General Jurisdiction Over The Camuto Entities

General jurisdiction only exists where the defendant has "continuous and systematic general business contacts" with the forum state. *Helicopteros*, 466 U.S. at 416. "The standard for establishing jurisdiction is fairly high." *Bancroft & Masters, Inc. v. Augusta National Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (internal citations omitted); *Amoco Egypt Oil Co. v. Leonis Navigation Co*., 1 F.3d 848, 851 n.3 (9th Cir. 1993) (the court has "regularly…declined to find general jurisdiction even where the contacts were quite extensive."). Even further, under the U.S. Supreme Court decision in *Daimler AG v. Barbara Bauman*, 134 S. Ct. 746, 761 (2014), general jurisdiction cannot be exercised in California merely because a party does business there. The exercise of general jurisdiction "requires that the defendant's contacts be of the sort that approximate physical presence" in California. *Bancroft*, 223 F.3d at 1086; *see also Schwarzengger*, 374 F.3d at 801.

To determine whether general jurisdiction is proper, courts examine all of the defendant's activities that impact the state, including whether the defendant makes sales, solicits or engages in business, serves the state's markets as they relate to the defendant's business, designates agents, holds a license, or has employees in the forum state. *See, e.g., Amini Innovation Corp., v. JS Imports,*

*Inc*., 497 F.Supp.2d 1093, 1101 (C.D. Cal. 2007); *Helicopteros*, 466 U.S. at 411. The Ninth Circuit distinguishes between "'doing business **in** California, which may support general jurisdiction [and] doing business **with** California, which will not support such a finding.'" *Schwarzenegger*, 374 F.3d at 801 (*citing Bancroft*, 223 F.3d at 1086).

The Supreme Court clarified the standard for conferring general jurisdiction over a corporation, holding that a corporation is subject to general jurisdiction only when it is sued in its "home" forum. *Daimler AG v. Barbara Bauman*, 134 S. Ct. 746, 761 (2014). The proper inquiry is "not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' [but] whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum state.'" *Id*. If general jurisdiction were conferred in every state where a defendant had sizeable sales, an out-of-state defendant would not be able "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id*. at 762.

Courts have routinely found no general jurisdiction over corporations with substantially more business contacts with a forum state than are present here. In *Daimler*, *Id*. at 752, 760-62, the defendant was the largest supplier of luxury vehicles to the forum state with multiple California-based facilities, including a regional office, a Vehicle Preparation Center and a Classic Center. In *Schwarzenegger*, 374 F.3d 797, the defendant had hired California-based sales and marketing companies and had entered into sales contracts that stipulated to California law as governing the contract. In *Bancroft*, 223 F.3d 1082, the defendant had licensing agreements with television networks and other California businesses and occasionally sold tickets and merchandise in California. In *Amini*, 497 F. Supp.2d at 1101, the court found that the importation of goods in to the

ports of California does not provide the "level of contact[s] with California…needed to establish physical presence supporting the exercise of general jurisdiction.").

Here, the Camuto Entities do not have anywhere near as robust a set of contacts with California as any of these defendants and cannot satisfy the high standard set forth in *Daimler*. *Id.* The Court should decline to exercise general jurisdiction over the Camuto Entities.

None of the Camuto Entities maintains offices, stores or employees in California.[11] Moreover, any sales to California residents were made through Camuto Group's Connecticut-based and hosted website. *Kim Decl.,* at ¶ 5, 14-15. Sales made through the internet have been held insufficient to confer general jurisdiction over a defendant corporation. *Imageline, Inc. v. Hendricks*, 2009 U.S. Dist. WL 10286181, at *3 (C.D.Cal. Aug. 12, 2009). In *Imageline*, 10% of defendants' sales were made to California residents, averaging about 100 sales per year. *Id.* The court found that such sales of a "relatively small value items cannot rationally be classified as so continuous, systematic or substantial as to approximate physical presence in California, especially when 90% of Defendants' sales are elsewhere." *Id.*; *See also Salu, Inc. v. Original Skin Store*, 2008 U.S. Dist. WL 3863434, at *3 (E.D. Cal. Aug. 13, 2008) (no jurisdiction despite 14% of online sales to Californians).

## 2. There Is No Specific Jurisdiction Over The Camuto Entities

Specific jurisdiction is found if the defendant has "minimum contacts with the forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Adobe Systems Inc. v. Trinity Software*

---

[11] Plaintiffs' reliance on the relationship between Camuto Group, on the one hand, and either Sole Society or the operator of the Vince Camuto stores, on the other, does not change the analysis. Even an in-state subsidiary cannot confer jurisdiction on a foreign parent. *See, Daimler, supra.*

*Distribution, Inc.,* 2012 U.S. WL 3763643 *2 (N.D. Cal., Aug. 29. 2012) (*quoting Int'l Shoe Co.*, 326 U.S. at 316) (internal quotation marks omitted).  For the exercise of specific jurisdiction, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  This purposeful availment requirement protects defendants from having to litigate in a forum only because of "random," "fortuitous," and "attenuated" contacts, or the unilateral activity of another entity.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  The Ninth Circuit has "established a three-prong test for analyzing a claim for specific jurisdiction:

1.    The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

2.    The claim must be one which arises out of or relates to the defendant's forum-related activities; **and**

3.    The exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 801.

Even if Plaintiffs can satisfy the first two prongs, the jurisdiction challenger nevertheless prevails if it establishes that it would be unreasonable to exert jurisdiction. *Id*. (*citing Burger King*, 471 U.S. at 476-78).

### a.    Plaintiffs Cannot Establish Purposeful Direction

Plaintiffs cannot show that the Camuto Entities "purposefully directed [their]

activities toward California." *Schwarzenegger*, 374 F.3d at 802.  The Ninth Circuit "often use[s] the phrase 'purposeful availment,' …to include both purposeful availment and purposeful direction." *Id*.  These are two distinct concepts: the purposeful availment analysis is applied to contract claims, and the purposeful direction analysis is used for suits based on torts. *Id.*; *see also Dole Foods*, 303 F.3d at 1111.  For the purposes of this case, "it is undisputed that a claim for copyright infringement sounds in tort." *Lang*, 823 F. Supp.2d at 970; *see also Brayton Purcell, LLP v. Recordon & Recordon*, 606 F.3d 124, 1128 (9th Cir. 2010).

The purposeful direction analysis is based on the Supreme Court's three-party "Calder-effects" test. *Brayton Purcell*, 606 F.3d at 1128 (*citing Calder v. Jones*, 465 U.S. 783 (1984)).  Under the *Calder* test, for the proper exercise of specific jurisdiction, "'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id*. (*quoting Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006)).

Plaintiffs cannot establish that any of the Camuto Entities committed an (1) intentional act (2) "expressly aimed" at this forum.  This Circuit has determined that the "intent" prong of *Calder* speaks to "an intent to perform an actual, physical act in the real world," *Brayton Purcell*, 606 F.3d at 1128.  The Camuto Entities: (a) posted the allegedly infringing images on a Connecticut-hosted e-commerce website; (b) posted the images on their social media accounts and corporate website which are operated from the Connecticut headquarters; (c) sent the images via e-mail blast to customers via the Connecticut-hosted e-commerce website; (d) sent the images via the internet to wholesale customers, none of which is a California resident; and (e) broadcast the allegedly infringing video via Taxi TV in New York City. Kim Decl., at ¶ 18.  These electronic activities do not meet the

standard of an "intentional act." *Brayton Purcell*, 606 F.3d at 1128. The Camuto Entities' sole physical activities consist of: (a) placing signage containing the allegedly infringing images in their New York, Milan and China showrooms, at trade shows in Atlanta, Dallas and Las Vegas, and in Vince Camuto retail stores, none of which are in California; and (b) placing ads containing the images for publication in the *New York Post*, various fashion magazines and at Brunswick High School, a private school located in Greenwich, Connecticut. Id.[12]

The Ninth Circuit has explained that "'something more' than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction," *Schwarzenegger*, 374 F.3d at 805; that "something more" is what "the Supreme Court described as 'express aiming' at the forum state, and requires action directed at the forum state such as individualized targeting of a forum resident." *See Pebble Beach*, 453 F.3d at 1156 (*quoting Bancroft*, 223 F.3d at 1087). For courts to confer specific jurisdiction over defendants for copyright infringement claims, there must be "substantive allegations that the defendant actually targeted the plaintiff's business in the forum." *Lang*, at 972 (*citing Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010)).

Here, none of the Plaintiffs is a California resident. FAC, at ¶¶ 9-12. And the FAC is devoid of allegations that any of the Camuto Entities, through their intentional acts, aimed to compete with the Plaintiffs' respective businesses, to the extent they have businesses, in California or anywhere for that matter. In fact, the

---

[12] In other cases establishing specific jurisdiction, defendants directed significant effort to advertising to and targeting California companies. *See, e.g., CollegeSource, Inc. v. Academy One, Inc.*, 653 F.3d 1066, 1071-72 (9th Cir. 2011) (Defendant utilized Google AdWords, solicited California colleges by phone and email and 19% of the 26,000 visits to its website were from individual California IP addresses.); *Momentum Textiles, LLC v. Paletteapp, Inc.*, 2015 U.S. Dist. WL 12868141, at *7 (C.D. Cal. October 2, 2015) ("Defendant targeted Momentum for several months, downloaded images of Momentum's product line, and then offered them for sale on its own website.")

Camuto Entities do not compete with the Plaintiffs at all.  The Camuto Entities

design, manufacture and sell apparel.  Meanwhile, the Plaintiffs are graphic artists.

*See* FAC, at ¶ 1.  The Camuto Entities do not share the same customers or sell

competing products.  Therefore, the Camuto Entities' alleged acts cannot be

construed to target Plaintiffs' businesses in any forum because they are not

competitors.  *Cf. Brayton Purcell*, 606 F.3d at 1129 (the parties were two law firms

in California competing for the same clients in the same market).

Moreover, other than the conclusory statement that the Camuto Entities "do

or transact business in" California. (FAC, at ¶ 7), Plaintiffs fail to allege facts

sufficient to satisfy the "expressing aim" element.[13]  Rather, the Camuto Entities'

sales to Californians "were not specifically directed contacts, but instead occurred

only because the purchasers of Defendants' goods over the internet happened to

reside in California.  There was no 'individual[ized] targeting' of California."

*Imageline*, 2009 U.S. Dist. WL 10286181, at *4 (internal citation omitted). Even

so, the Camuto Entities' internet presence is insufficient to find purposeful

direction into California. *See High Tech Pet Products, Inc. v. Shenzhen Jianfeng

Elec. Pet Prod. Co*., 2014 U.S. Dist. WL 897002, at *7  (E.D. Cal. Mar. 6, 2014)

(finding website without specific targeting into the forum insufficient to confer

personal jurisdiction); *see also WebZero, LLC v. ClicVU, Inc.,* 2008 U.S. Dist. WL

1734702, at *7 (C.D. Cal. Apr. 4, 2008) *aff'd*, 392 F. App'x 863 (Fed. Cir. 2010)

("It is an undesirable result that a company is subject to personal jurisdiction based

on its website, where the website and the very nature of its product do not

differentiate in any way between different forums.); *See also Millenium

Enterprises, Inc. v. Millenium Music, LP*, 33 F.Supp.2d 907, 921 (D. Or. 1999)

---

[13] Plaintiffs allege that providing the California Supply Chains Act disclosures on the
www.vincecamuto.com website is evidence of purposeful direction at California residents. FAC,
at ¶ 25.  However, voluntary compliance with the Act does not prove that any of the Camuto
Entities is, in fact, "doing business" in the State.

("The fact that someone who accesses defendants' Web site can purchase a compact disc does not render defendants' actions 'purposefully directed' at this forum.  It is the conduct of the defendants, rather than the medium utilized by them, to which the parameters of specific jurisdiction apply.").

Similarly, the Camuto Entities did not target Californians with the e-mail blasts.  In fact, they have no evidence that <u>any</u> recipients of the e-mail blasts are residents of California, Supplemental Kim Decl., at ¶ 7, let alone the "thousands" that Plaintiffs baselessly allege.   Even if e-mails containing the allegedly infringing images were sent to Californians, this activity would not be sufficient to confer jurisdiction.  The recent Ninth Circuit case of *Axion Foods, Inc. v. Acerchem International, Inc.*, 2017 WL 4929835 (9th Cir. November 1, 2017) is instructive here.  In *Axion*, defendant admitted sending a newsletter to "[a]t least 55 recipients with companies in California, including 14 recipients with locations within Los Angeles County." *Id.*, at *4.  Nevertheless, the Court found that defendant's contacts with California did not "'create a substantial connection with [California].'" Id., at *4, citing *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014).  Therefore, Plaintiffs have not satisfied the second prong of the *Calder* test, express aiming at the forum state under the theory of individualized targeting. See, *Calder v. Jones*, 465 U.S. 783 (1984); *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773, 1782 (2017) (holding that due process does not permit the exercise of specific personal jurisdiction where "nonresidents' claims involve no harm in California and no harm to California residents.").

### b.    Plaintiffs Cannot Establish Causation

"The second requirement for specific jurisdiction is that the contacts constituting purposeful [direction] must be the ones that give rise to the current suit." *Bancroft*, 223 F.3d at 1088.  For a nonresident defendant's activities to establish specific personal jurisdiction, "the claim must arise out of or result from

the defendant's forum-related activities." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *Schwarzenegger*, 374 F.3d at 802. "A lawsuit arises out of a defendant's contact with the forum state if there is a direct nexus between the causes of action being asserted and the defendant's activities in the forum." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991). The Ninth Circuit has adopted a "but for" test when assessing whether an action arises out of a defendant's specific contact with the forum state. *See, e.g., Panavision Int'l, L.P.,* 141 F.3d at 1322 (requiring a determination as to whether "the plaintiff…would not have been injured 'but for' the defendant['s]…conduct directed toward [plaintiff] in California."); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051-52 (9th Cir. 1997) ("[I]t cannot be said that [plaintiff would not have sustained her injury, 'but for' [defendant's] alleged misconduct.").

The exercise of specific jurisdiction is improper here because Plaintiffs' copyright infringement claims are not reliant on the Camuto Entities' limited and random contacts with California residents. While Plaintiffs generically allege that "Defendants are subject to the personal jurisdiction of the Court because they do or transact business in, have agents in, or are otherwise found in and have purposely availed themselves of the privilege of doing business in California and in this District," FAC, at ¶ 7, the facts are that the Camuto Entities did not create the allegedly infringing images in California, nor did they physically distribute them to California, nor did they physically display them in California. Kim Decl., at ¶ 18. Moreover, neither the website nor the social media sites where the allegedly infringing images were made available are not hosted in California.[14] Thus,

---

[14] "Mere bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Fiore v. Walden*, 657 F.3d 838, 846-47 (9th Cir. 2001), *rev'd on other grounds*, 134 S.Ct. 1115 (2014).

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants' contacts are not the "deliberate creation of a 'substantial connection' with California" nor are they "promotion of business in California," necessary to find purposeful direction sufficient to confer specific jurisdiction. *Imageline*, 2009 U.S. Dis. WL 10286181 at *5; *see also Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). As such, there is no requisite nexus between Plaintiffs' claims and the paltry contacts the Camuto Entities may have with California.

### c. The Exercise of Specific Jurisdiction Would Be Unreasonable

"For jurisdiction to be reasonable, it must comport with fair play and substantial justice." *Bancroft*, 223 F.3d at 1088 (*citing Burger King*, 471 U.S. at 476). Thus, even if the Court believes the Camuto Entities have the contacts required for jurisdiction, they can still prevail by showing that such jurisdictional exercise would be unreasonable. *Id*.

In addressing "reasonableness," the court considers seven factors: (1) the extent of defendant's purposeful injection; (2) defendant's burden in defending in the forum state; (3) conflict with the sovereignty of defendant's state; (4) California's interest in adjudicating the dispute; (5) judicial efficiency; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1486-1487 (9th Cir. 1994); *see also Zumba Fitness, LLC v. Gail Brage*, 2011 U.S. Dist. WL 4732812, *3 (C.D. Cal., Oct. 6, 2011).

With respect to the first factor "[t]he smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Core-Vent Corp.*, 11 F.3d at 1486. Moreover, "[e]ven if there is sufficient 'interjection' into the state to satisfy the [purposeful availment prong], " the finding of jurisdiction is not automatically reasonable. *Zumba Fitness*, 2011 U.S. Dist. WL 4732812, *3 (*quoting Ziegler v. Indian River County*, 64 F.3d 470,

475 (9th Cir. 1995).  For example, in *Zumba Fitness*, the defendant conceded "purposeful availment," yet the Court found jurisdiction was unreasonable because the defendant's purposeful interjection was too minimal. *Id*. at *3-4.   The *Zumba* Court's decision was underscored by the ruling in *Imageline, Inc. v. Hendricks*, 2009 U.S. Dist. WL 10286181 (C.D.Cal. Aug. 12, 2009), where the defendant offered products for sale via eBay, and the Court found that the "sales to California residents [via eBay] were not specifically directed contacts, but instead occurred only because the purchasers of Defendants' goods happened to reside in California." *Id*., at *4.  *See also Bancroft,* 223 F.3d at 1086 (holding that a defendant that is not licensed to do business in California, pays no taxes in California, and does not advertise in California is not subject to general jurisdiction despite its use of a California-hosted website, license agreements with several California vendors, and the "occasional" sales of merchandise to California residents); *Schwarzenegger*, 374 F.3d at 801 (Defendant's contact with forum, including use of California importers, California consulting company and California-based marketing company, and maintenance of website accessible in California, fell "well short of the 'continuous and systematic' contacts necessary to confer general jurisdiction").

Here, the Camuto Entities are similarly removed from any perceived purposeful interjection in California.  They did not specifically direct their contact to California, rather their internet and social media presence, hosted and operated out of Connecticut, made the allegedly infringing images available to individuals who "happened to reside in California." *Id.; Kim Decl*., at ¶¶ 5, 15-16.  As established above, the Camuto Entities did not engage in purposeful interjection in the forum state, and this factor thus weighs against asserting jurisdiction over them.

Under the second factor, the Camuto Entities would endure a significant

burden if forced to litigate this action in California. Camuto Group and Vincent Camuto are both Connecticut companies and maintain and direct all of their business efforts there. Camuto Group is a Delaware company, but it too maintains and directs all of its business efforts in Connecticut. The Camuto Entities' offices, employees, records, and activities, all of which are potential sources of evidence in this case, are all located in Connecticut. They would be required to travel to California to defend themselves. This factor favors the Camuto Entities. *See Imageline*, 2009 U.S. Dist. WL 10286101, at *5 (finding burden factor in favor of Defendants where there was no purposeful availment due to *de minimis* internet sales). While acknowledging the "corresponding burden on the [P]laintiffs," when considering that the Camuto Entities' burden to defend in California and their unfamiliarity with California, coupled with the source of evidence and nexus to the claims there, this factor too weighs in favor of the Camuto Entities. *Sinatra v. Nat'l Enquirer, Inc.,* 854 F.2d 1191, 1199 (9th Cir. 1988).

If anything, Connecticut has a far stronger interest in adjudicating this dispute than California. Connecticut has an interest in resolving a dispute where the accused companies are headquartered there, generate substantial revenue and taxes there, and employs its citizens. *See Amoco*, 1 F.3d at 852. Moreover, the allegedly infringing distribution took place via the Camuto Entities' website and social media accounts operated from Connecticut. While some of the individuals who may have seen the allegedly infringing images just "happened to reside" in California, this cannot support California's interest in addressing this case. *Id*. The mere fact that the Camuto Entities' site is accessible to California residents is not enough to give California a significant interest in adjudicating the matter. *Imageline*, 2009 U.S. Dist. WL 10286101, at *4. Hence, this factor weighs in favor of declining personal jurisdiction over the Camuto Entities.

In addition, federal law governs copyright infringement claims. Therefore,

the law applied to a potential copyright infringement case in Connecticut will be the same as if the case were in California. Hence, this factor is neutral.

The most efficient and convenient resolution of this suit will occur either in Connecticut, where the evidence and witnesses associated with the Camuto Entities are located, or in New York, where the allegedly infringed works are located, where the alleged injury occurred, and where many of the witnesses to the photo shoot are located.[15] *See Brackett v. Hilton Hotels Corp*., 619 F. Supp.2d 810, 820 (N.D. Cal. 2008) (in infringement cases, evidence usually resides with the defendants); *c.f. Amoco*, 1 F.3d at 852 ("'The site where the injury occurred and where evidence is located usually will be the most efficient forum.'") (internal citation omitted). Here, the Camuto Entities' employees with knowledge of the allegedly infringing activities are based in Connecticut; the website and social media accounts (where the allegedly infringing images were posted) are operated from Connecticut; and allegations of the Camuto Entities' access to Plaintiffs' purportedly copyrighted works are conceivably available at the Camuto Entities' offices in Connecticut. FAC, at ¶ 4; Kim Decl., at ¶¶ 6-8 and 15-16. Furthermore, "[i]n evaluating the convenience and effectiveness of an alternative forum [the Ninth Circuit] has given little weight to the plaintiff's inconvenience." *Zumba Fitness*, 2011 U.S. Dist. WL 4732812, *5 (internal citation omitted). Notably, in this case all of the Plaintiffs reside in New York, so Plaintiffs will not be inconvenienced in the least by litigating in their own "home" forum. In short, because the great majority of these factors favor the Camuto Entities, the exercise of jurisdiction is unreasonable.

## B. THIS DISTRICT COURT IS AN IMPROPER VENUE

---

[15] Upon information and belief, Red Hook is headquartered in New York, and both the photographer and the individual producers who worked on the photo shoot are New York residents.

The determination of proper venue pursuant to federal copyright venue statute, 28 U.S.C. § 1400(a), is premised on the same analysis used to assess whether specific jurisdiction exists. *Brayton Purcell*, 606 F.3d at 1124; *see also Zumba Fitness*, 2011 U.S. Dist. WL 4732812, *1. Once a motion is brought under Fed. R. Civ. P. 12(b)(3), the onus is on the plaintiff to show that the venue is correct. *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp.2d 957, 960 (C.D. Cal. 2005) ("Once a defendant has raised a timely objection to venue, the plaintiff has the burden of showing that venue is proper"). For the reasons articulated above, venue in the district court is therefore improper.

## C.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS CASE TO THE EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 USC § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a)." *Multimin USA, Inc. v. Walco Int'l, Inc.*, 2006 U.S. Dist. WL 1046964, at *2 (E.D. Cal. April 22, 2006) (*citing King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992)).

In evaluating a transfer motion, the Court balances the following factors: (1) the plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) interests of justice; (7) administrative considerations. *See, e.g., Adobe*, 2012 U.S. Dist. WL 3763643, *8; *Amini*, 497 F. Supp.2d at 1109. "The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently…[and no] 'transfer [will] be ordered if the result is

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

merely to shift the inconvenience from one party to another.'" *Id.* (internal

citations omitted). Also the Ninth Circuit has enumerated these additional factors

for consideration when determining whether to transfer an action under § 1404(a):

the location where the relevant agreements were negotiated and executed; the

differences in the costs of litigation in the two forums; and the availability of

compulsory process to compel attendance of unwilling non-party witnesses. *Jones

v GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000). Here, overall the

factors weigh in favor of transferring the case to the Eastern District of New York.

This case involves copyright infringement claims, and the Plaintiffs' choice

of forum is given little deference where, as here, the "center of the accused

activity" is outside the current forum. *See, e.g., Sorensen v. Daimler Chrysler AG*,

2003 U.S. Dist. WL 1888866, at *3 (N.D. Cal. April 11, 2003) (internal citations

omitted); *see also Adobe*, 2012 U.S. Dist. WL 3763643, *8. Furthermore, the

Plaintiffs' choice of forum is given marginal deference, if any, "where the plaintiff

or real parties in interest are foreign," and here, all of the Plaintiffs are New York

residents. *Sorensen*, 2003 U.S. Dist. WL 1888866, at *3 (*citing and quoting Piper

Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1982)); *see also*, *Zumba Fitness*, 2011

U.S. Dist. WL 4732812, *7, *quoting Allstar Mktg. Group, LLC v. Your Store

Online LLC*, 666 F.Supp.2d 1109, 1131 (C.D. Cal. 2009). ("'A plaintiff's choice of

forum is entitled to less deference, however, when the plaintiff elects to pursue a

case outside its home forum.'"). The "center of the accused activity" is in the

district in which the defendant "is alleged to have developed…marketed, and made

sales decisions concerning the accused product." *Id*., at *12. As demonstrated

above, the epicenter of the alleged conduct is clearly centered in New York, where

the murals are located, where the photo shoot took place, and where the Camuto

Entities physically displayed the allegedly infringing ads. Kim Decl., at ¶¶ 17-18.

Moreover, the convenience of the witnesses is "often considered the most

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

important factor." *Adobe*, 2012 U.S. Dist. WL 3763643, *9; *Amini*, 497 F. Supp.2d at 1109 (internal citations omitted); *Sorensen*, 2003 U.S. Dist. WL 1888866, at *1 ("Indeed…this factor is often the most important factor.") (internal quotation marks and citation omitted). As demonstrated, "the center of gravity of witnesses" in this case is where Red Hook and those involved in the production of the photo shoot are located, particularly to the extent that they are unwilling non-party witnesses. *Adobe*, 2012 U.S. Dist. WL 3763643, at *9.

More specifically, the Camuto Entities' principal place of business, where its corporate records (including communications with Red Hook, sales figures; data; website records and reports) and relevant witnesses are located, is in Greenwich, Connecticut, which is within 90 minutes of the Brooklyn courthouse for the Eastern District of New York. Kim Decl., at ¶¶ 6-8. Next, the relevant witnesses associated with Red Hook are located in New York. *Id*. at ¶ 17. Thus, it is more reasonable and convenient to adjudicate the dispute in New York, since the Camuto Entities are not located or connected to California, Plaintiffs are not located or connected to California, nor are these claims or the relevant evidence connected to California.

In fact, on September 15, 2017, Plaintiffs' counsel, Jeff Gluck, agreed to dismiss the instant action and re-file in the Eastern District of New York,[16] but co-counsel, David Erikson, reneged on the agreement one week later, even though neither counsel has ever articulated a single allegation that would support personal jurisdiction or venue in the present forum[17]. For these reasons, the interest of

---

[16] We had proposed this procedure in lieu of a transfer of venue, because counsel advised that Plaintiffs intended to amend their complaint to add parties. We suggested that both sides could avoid unnecessary and inefficient motion practice—and save the Court's resources—by way of a voluntary dismissal.

[17] When asked for their basis for setting venue in this forum during the parties' first meet and confer on September 1, 2017, Plaintiffs' counsel, David Erikson, joked that it was "secret." On

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

justice favors a transfer.

**IV.    CONCLUSION**

Based on the foregoing, the Camuto Entities respectfully request that this Court dismiss this action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) or improper venue under Fed. R. Civ. P. 12(b)(3).  In the alternative, we submit that this Court transfer this action to the Eastern District of New York for efficient resolution of the matter pursuant to 28 U.S.C. § 1404(a) as a more appropriate venue.

DATED: December 18, 2017                    Respectfully submitted,

                                            **FERDINAND IP, LLC**

                                            By:    _/s/ Jessica S. Rutherford_
                                                   Jessica S. Rutherford
                                                   Edmund J. Ferdinand, III

                                                   and

                                                   John F. Olsen
                                                   FERDINAND IP, LLP

                                                   *Attorneys for Camuto Consulting,*
                                                   *Inc., Vincent Camuto, LLC, and*
                                                   *Camuto Group, LLC*

___

November 2, 2017, Counsel provided a proposed amended complaint seeking to add Macy's as a defendant, but failed to amend or add a single allegation regarding jurisdiction or venue.

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT